UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:03-CV-251-ORL-31KRS

DANIEL C. GREGOIRE, et al.,

    Plaintiffs,

v.

LUCENT TECHNOLOGIES INC., et al.,

    Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' DISPOSITIVE MOTION FOR SUMMARY JUDGMENT AS TO FAYAD PLAINTIFFS

Defendants Lucent Technologies Inc. ("Lucent") and Agere Systems Inc. ("Agere") submit this Memorandum of Law in support of their Dispositive Motion for Summary Judgment as to the claim raised by Jon A. Fayad, Bryan E. Arledge, Jimmie P. Barlaan, Randall S. Boyer, Marcia L. Chedda, Dale J. David, Eric J. Edward, April J. Emigh, Guy W. Herbert, Anthony Jackson, Jannet K. McGruder, Chad B. Moody, Amy L. Musker, Kenneth B. New, Richard A. Pinzari, James M. Quinn, Julie Ortiz Reyes, Andres M. Walsh and Richard M. Wood ("the FAYAD Plaintiffs") in Plaintiffs' Second Amended Rule 23 Complaint for Damages with Request for Equitable and Injunctive Relief and Demand for Jury Trial ("Second Amended Complaint").

### I.    INTRODUCTION

The FAYAD Plaintiffs are a proposed class of Plaintiffs that were added to this action by the Second Amended Complaint. They are individuals represented by IBEW Local 2000 who

were terminated by Agere on or about August 18, 2003.[1] Like the other Plaintiffs in this case, the FAYAD Plaintiffs raise a single claim under Section 301 of the Labor Management Relations Act, alleging that Defendants breached their collective bargaining agreement with the union by failing to offer the FAYAD Plaintiffs the benefits of the February 19, 2001 Memorandum of Agreement ("MOA") and/or the Enhanced Facility Closing Program ("EFCP").

The FAYAD Plaintiffs' Section 301 claim must be dismissed for failure to exhaust contractual remedies. It is undisputed that IBEW Local 2000 is pursuing a grievance on their behalf related to Defendants' failure to pay them benefits pursuant to the MOA and/or EFCP. For this reason, their claims must be dismissed.

## II. STANDARD OF REVIEW

Summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Beal v. Paramount Pictures Corp., 20 F.3d 454, 458 (11th Cir. 1994). The standard for summary judgment is met if the moving party demonstrates that there is an absence of evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The moving party "bears the burden of proving that no genuine issue of material fact exists." Watson v. Adecco Employment Services, Inc., 252 F. Supp.2d 1347, 1352 (M.D. Fla. 2003); Gonzalez v. Florida Dep't of Highway Safety & Motor Vehicles, 237 F. Supp.2d 1338, 1346 (S.D. Fla.), aff'd, 2002 WL 1676549 (11th Cir. 2002); see also Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). Once the moving party meets its burden, the burden shifts to the non-moving party to demonstrate that there is indeed a material issue of fact that

---

[1] Defendants have been unable to locate any record regarding one of the purported FAYAD Plaintiffs, Eric J. Edward, and, therefore, cannot confirm that he was employed by Agere or terminated on or about August 18, 2003. Nevertheless, because Edward's claim is the same as the other FAYAD Plaintiffs' claim, it fails for the same reason, even assuming he could establish that he was terminated from Agere on or about August 18, 2003.

precludes summary judgment. Clark, 929 F.2d at 608; Gonzalez, 237 F. Supp.2d at 1346. The non-moving party may not rest upon mere allegations or denials in his pleadings, but must set forth specific facts, through affidavits or the other forms of evidence provided for by the rules. Adikes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Gonzales, 237 F. Supp.2d at 1346.

### III. ARGUMENT

In Count I of the Second Amended Complaint, the FAYAD Plaintiffs attempt to assert a claim under Section 301 of the LMRA for failure to pay benefits under the MOA and/or EFCP. Specifically, the FAYAD Plaintiffs claim that they were eligible for benefits under the MOA and EFCP, but that those benefits were never paid to them. (2d Am. Compl. ¶ 120). The FAYAD Plaintiffs assert that Lucent and/or Agere breached the Collective Bargaining Agreement by not paying the benefits required by the MOA and/or EFCP. (2d Am. Compl. ¶ 122).

The FAYAD Plaintiffs' claim should be dismissed because they failed to properly exhaust their contractual remedies. Section 301 of the LMRA, which provides for suits in the district court between labor organizations and employers for violation of collective bargaining agreements, also allows suits, based on such a violation, by employees. Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 562 (1976); Diaz v. Schwerman Trucking Co., 709 F.2d 1371, 1374 (11th Cir. 1983). However, as this Court acknowledged in its January 22, 2004 Order, an employee must attempt to exhaust contractual remedies prior to bringing suit under Section 301. (1/22/04 Order at 8-9); see Vaca v. Sipes, 386 U.S. 171, 184-85 (1967); Republic Steel Corp. v. Maddox, 379 U.S. 650, 652-53 (1965); see also DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 163 (1983); Turner v. American Federation of Teachers Local 1565, 138 F.3d 878, 882 (11th Cir. 1998). It cannot be disputed that the FAYAD Plaintiffs failed to exhaust available contractual remedies, and the FAYAD Plaintiffs cannot demonstrate facts sufficient to excuse their failure to do so. Accordingly, the FAYAD Plaintiffs' Section 301

claim should be dismissed.

### A. The Collective Bargaining Agreement provided a detailed grievance and arbitration procedure available to the FAYAD Plaintiffs.

Because the MOA and EFCP were merely supplements to the Collective Bargaining Agreement, the FAYAD Plaintiffs' Section 301 claim for breach of the MOA and EFCP is simply a claim for breach of the Collective Bargaining Agreement. Plaintiffs acknowledge this fact when they contend that Defendants "breached the CBA by not paying benefits required by the MOA and/or the EFCP." (2d Am. Compl. ¶ 122). Because Plaintiffs' Section 301 claim for breach of the MOA and EFCP is in fact a claim for breach of the Collective Bargaining Agreement, Plaintiffs were required to exhaust the contractual grievance procedures set forth in the Collective Bargaining Agreement before commencing this lawsuit to obtain benefits allegedly provided by the MOA and/or EFCP.

This Court has already acknowledged that the Collective Bargaining Agreement included a detailed grievance and arbitration procedure to "provide for the expeditious and mutually satisfactory settlement of grievances arising with respect to the interpretation or application of this Agreement or other terms and conditions of employment." (1/23/04 Order at 16-21, citing IBEW Local 2000 Agreement, Arts. 6, 7). One way in which a grievance may be processed is for it to be "presented for settlement by the UNION." (Id. Art. 6, ¶1(c), at L/A 00154). The grievance procedure consisted of several steps depending on the nature of the dispute. (Id. Art. 6, at L/A 00154-56). As supplemented by a Letter of Understanding dated May 28, 1995 and attached to and made a part of the IBEW Local 2000 Agreement, the grievance procedure at the Orlando facility consisted of three designated steps: (a) first line supervisor; (b) manager; and (c) company designated bargaining agent. (Id. at L/A 00229). The Collective Bargaining Agreement also included a detailed arbitration provision. (Id. Art. 7, at L/A 00158-61). It is,

4

therefore, undisputed that the Collective Bargaining Agreement provides a mechanism by which the Union can file a grievance and proceed through arbitration on the issue of whether Defendants breached the Collective Bargaining Agreement by failing to provide benefits under the MOA and/or EFCP.[2]

### B. The FAYAD Plaintiffs failed to exhaust their contractual remedies.

The FAYAD Plaintiffs cannot prove that they exhausted their contractual remedies challenging the alleged nonpayment of benefits under the MOA or EFCP. To the contrary, the Union filed a grievance on behalf of all employees terminated on August 18, 2003, including the FAYAD Plaintiffs. (Eckert Decl. Ex. A). Agere denied the grievance, and the Union has requested to proceed to arbitration. (Eckert Decl. Exs. B, C). The FAYAD Plaintiffs have joined this lawsuit without allowing the grievance/arbitration process to run its course.[3] Accordingly, they have failed to exhaust their contractual remedies.

### C. The FAYAD Plaintiffs should not be excused for their failure to exhaust their contractual remedies.

Defendants recognize that the duty to exhaust contractual remedies before filing suit under Section 301 is not absolute. An employee may bring suit without attempting to exhaust the remedies provided in a collective bargaining agreement if he or she can show that: (1) the conduct of the employer amounts to a repudiation of the remedial procedures in the agreement;

---

[2] Defendants also maintain that each individual plaintiff could pursue an individual grievance under the Collective Bargaining Agreement. Although this was a disputed point in the Court's Order of January 22, 2004, it is irrelevant for the purpose of this Motion, as the Union is proceeding on behalf of the FAYAD Plaintiffs.

[3] The EFCP provides that it will not be subject to the grievance procedure set forth in the Collective Bargaining Agreement. Instead, the EFCP contains its own dispute resolution process to be implemented when alleged violations of the EFCP occur. (EFCP ¶ 11). Nevertheless, Agere has never objected to receiving the Union's grievance to the extent it related to the EFCP. Rather, Agere has processed the grievance and is prepared to arbitrate it, as the Union has requested. Moreover, to the extent the dispute resolution process of the EFCP governs, the FAYAD Plaintiffs have made no attempt to utilize that process.

5

or (2) the union wrongfully refuses to process the grievance.  Redmond v. Dresser Indus., Inc., 734 F.2d 633, 636 (11th Cir. 1984); see Vaca, 386 U.S. at 185-86; Turner, 138 F.3d at 882.  The FAYAD Plaintiffs do not assert (nor could they) that Lucent or Agere repudiated the remedial procedures in the Collective Bargaining Agreement.  To the contrary, Agere has responded to the grievance that the Union filed on behalf of the FAYAD Plaintiffs and is prepared to proceed to arbitration on that grievance.  (Eckert Decl. ¶¶ 5, 6, 8, Ex. B).

Nor is there any evidence that the Union has wrongfully refused to process a grievance on behalf of the FAYAD Plaintiffs.  To the contrary, a week after the FAYAD Plaintiffs were terminated, the Union filed a grievance on their behalf seeking benefits under the MOA and EFCP.  (Eckert Decl. ¶¶ 4, Ex. A).  Subsequently, the Union has met with Agere to discuss the grievance and has requested that the grievance proceed to arbitration.  (Eckert Decl. ¶¶ 5, 7, Ex. C).  Given these actions, there is no excuse for the FAYAD Plaintiffs' failure to exhaust available contractual remedies.

This Court should not excuse the FAYAD Plaintiffs' failure to exhaust the contractual remedies available to them under the Collective Bargaining Agreement.  Accordingly, the FAYAD Plaintiffs' Section 301 claim should be dismissed in its entirety.

## IV.   CONCLUSION

For the foregoing reasons, summary judgment is appropriate on the claim of the FAYAD Plaintiffs.  Accordingly, Defendants respectfully request that the Court grant their Motion and dismiss the FAYAD Plaintiffs' claim.

        Respectfully submitted,

        LITTLER MENDELSON, P.C.

        s/Theodore A. Schroeder
        Robert W. Cameron*
           E-mail:  bcameron@littler.com
        Robert W. Pritchard*
           E-mail:  rpritchard@littler.com
        Theodore A. Schroeder*
           E-mail:  tschroeder@littler.com
        Dominion Tower
        625 Liberty Avenue, 26th Floor
        Pittsburgh, PA 15222
        Telephone:     (412) 201-7600
        Fax:                (412) 456-2377
        *admitted pro hac vice

        Carol C. Lumpkin
           Florida Bar No.: 0797448
           E-mail:  clumpkin@littler.com
        Judd J. Goldberg
           Florida Bar No. 0115924
           E-mail: jjgoldberg@littler.com
        One Biscayne Tower, Suite 1500
        2 South Biscayne Boulevard
        Miami, Florida 33131
        Telephone:     (305) 400-7500
        Fax:                (305) 603-2552

        Counsel for Defendants
        Lucent Technologies Inc. and Agere Systems Inc.

Dated:  July 16, 2004

## CERTIFICATE OF SERVICE

    I hereby certify that on this 16th day of July, 2004, a true and correct copy of the foregoing has been served via U.S. Mail to Thomas J. Pilacek, THOMAS J. PILACEK & ASSOCIATES, Red Willow Plaza, 5844 Red Bug Lake Road, Winter Springs, FL  32708.

        s/Theodore A. Schroeder

Pittsburgh:38993.1 042480.1018