**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DANIEL GREGOIRE, et al.,**

        **Plaintiffs,**

-vs-                                        **Case No. 6:03-cv-251-Orl-31KRS**

**LUCENT TECHNOLOGIES, INC. and**
**AGERE SYSTEMS,**

        **Defendants.**

___

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' NOTICE OF FILING DOCUMENTS REGARDING OUTSOURCING AND EXHIBITS THERETO (Doc. No. 174)**
>
> **FILED:** April 12, 2005
> ___
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

By the present motion, the defendants, Lucent Technologies, Inc. and Agere Systems, seek to have a document and a number of exhibits filed by the plaintiffs, doc. no. 173, stricken from the record. The plaintiffs state that these documents are relevant to the issue of "outsourcing," which, the plaintiffs explain, "has not been reached by this Court," but "may arise before the [United States Court of Appeals for the Eleventh Circuit] . . . ." *See also* Doc. No. 182

A number of United States District Courts have held that parties may not supplement the trial court's record with evidentiary materials that are unrelated to any motion or pleading, simply to achieve the goal of presenting the evidence to a Court of Appeals. *See Tenenbaum v. Caldera*, 135 F. Supp. 2d 803, 805 (E.D. Mich. 2001) (refusing to allow litigant to "expand the record on appeal by adding documents that were obtained during discovery but not submitted to the court on [a] motion to dismiss"); *Kuiper v. Amer. Cyanamid Co.*, 960 F. Supp. 1378, 1384-85 (E.D. Wis. 1997) (court refused to allow evidence in the record that was not before it in connection with summary judgment order); *Himler v. Comprehensive Care Corp.*, 790 F. Supp. 114, 116 (E.D. Va. 1992)(refusing to allow a plaintiff who had voluntarily dismissed his claims with prejudice to file evidentiary material so that it would be in the record for the Court of Appeals' consideration.).

In the present case, the plaintiffs acknowledge that the purpose of filing the Notice of Exhibits is to expand the record before the Court of Appeals. I find the rationale supporting the decisions cited herein to be persuasive. Accordingly, I conclude that it would be inappropriate to allow the plaintiffs to supplement the record with these materials. It is, therefore, **ORDERED** that the Clerk of Court shall delete the document at docket number 173, and all exhibits thereto, from the file of the case.

**DONE** and **ORDERED** in Orlando, Florida on May 18, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties